IN RE THE VOTE MARKS.

Under Pub. Laws R. I. cap. 731, § 18, of March 29, A. D. 1889, a voter, to make his ballot effective, must place a cross in the margin of the ballot, on the right of the candidate's name and opposite to the name. The cross is required by the statute, as is its position in the right margin. Whether the cross is or is not within the square usually provided for it is immaterial.

STATE OF RHODE ISLAND, EXECUTIVE DEPARTMENT,
October 21, 1890.

*To the Honorable the Judges of the Supreme Court : —*

Pursuant to a request of the mayor of the city of Providence, acting under a resolution of the board of aldermen of said city, I have the honor to submit for your consideration, and ask your opinion upon, the following questions of law : —

Section 18 of chapter 731 of the Public Laws of Rhode Island,

passed at the January session of the General Assembly, 1889, entitled "An act to provide for printing and distributing ballots at the public expense, and to regulate voting at state and congressional elections," provides that the elector "shall prepare his ballot by marking in the appropriate margin or place a cross opposite the name of the candidate of his choice for each office to be filled." And section 6 of the same act provides that each ballot "shall be so printed as to give each voter a clear opportunity to designate by a cross mark in a sufficient margin at the right of the name of each candidate his choice of candidates. . . .

*First.* Can any mark other than a cross placed in the square at the right of a name on an official ballot be counted as a vote?

*Second.* Can a cross or other mark placed at the right of a name on an official ballot, but not within the square, be counted as a vote?

*Third.* Can a cross or other mark, marked at the left of or over any part of a name on an official ballot, be counted as a vote?

As there has been divergency in counting such ballots by ward officers and boards of aldermen in the several cities and town councils of the various towns, and recognizing the necessity of uniformity in the counting of such votes, the foregoing questions are submitted to you that the matter may be definitely. determined.

JOHN W. DAVIS, *Governor.*

### OPINION OF THE COURT.

### *October* 28, 1890.

*To His Excellency John W. Davis, Governor of the State of Rhode Island and Providence Plantations:—*

We have received a communication from your Excellency asking our opinion upon certain questions in regard to section 18 of chapter 731 of the Public Laws, passed at the January session of the General Assembly, A. D. 1889, entitled "An act to provide for printing and distributing ballots at the public expense, and to regulate voting at state and congressional elections." The questions are the following, to wit:—

*First.* Can any mark other than a cross placed in the square at the right of a name on an official ballot be counted as a vote?

*Second.* Can a cross or other mark placed at the right of a name on an official ballot, but not written within the square, be counted as a vote?

*Third.* Can a cross or other mark, marked at the left of or over any part of a name on an official ballot, be counted as a vote?

In answer to the first question we have to say that our opinion is, that a cross is the only mark that can be lawfully counted as a vote. A cross is the only mark authorized by the statute to be used to designate the person voted for, and it is only by force of the statute that it gets its significance for that purpose. If another mark be used, there is nothing to certify its meaning. It might be conjectured that it was used inadvertently, instead of a cross, but in our opinion such a conjecture would not justify the counting of it. The statute declares, " No voter shall place any mark upon his ballot by which it may be afterwards identified as the one voted by him." If marks other than crosses were counted they might be used both to answer the purpose of crosses and to identify the ballots.

In answer to the second question, we have to say that we do not find in chapter 731 any provision for squares upon the ballots. The sixth section provides that " the ballots shall be so printed as to give to each voter a clear opportunity to designate by a cross mark (X), in a sufficient margin at the right of the name of each candidate, his choice of candidates," etc. The eighteenth section provides that the voter " shall prepare his ballot by marking, in the appropriate margin or place, a cross (X) opposite the name of the candidate of his choice," etc. Our opinion is, that a cross placed in the margin of the ballot, on the right of the names of the candidates, opposite a candidate's name, should be counted as a vote for the candidate opposite whose name it is placed, whether the margin have a square in it or not, and, if there be a square in it, even though the cross is without or partly without the square. All that chapter 731 requires to make the cross effective as a vote is, that it shall be inscribed in the right hand margin opposite the name of the person intended to be voted for.

We answer the third question in the negative. The Ballot Law makes a cross effectual as a vote only when it is inscribed on the

right of a name printed or written on the ballot and opposite thereto.

> THOMAS DURFEE.
> CHARLES MATTESON.
> JOHN H. STINESS.
> P. E. TILLINGHAST.
> GEORGE A. WILBUR.