[No. 6,424.]

## SIEMERS *v.* EISEN.

PRACTICE — TRIAL — INSTRUCTIONS.— It is not error to refuse instructions, although correct, where the principles embodied in them are covered by the charge of the Court.

NEGLIGENCE.—The failure of any person to perform a duty, imposed upon him by statute or other legal authority, in itself constitutes negligence. Accordingly, where the plaintiff was injured by a runaway horse, left unfastened in the street—in violation of an ordinance: *Held*, that the Court, instead of leaving the question of negligence to the jury, might have instructed them that the proof fully established it.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*King & Rodgers*, for Appellant.

*W. S. Goodfellow*, for Respondent.

Department No. 2, MORRISON, C. J.:

Plaintiff brought this action to recover damages for injuries caused by a runaway horse belonging to the defendant. The case was tried before a jury, and a verdict was rendered in favor of the plaintiff for $1,400 damages. Defendant moved the Court for a new trial, which was denied, and this appeal is taken upon questions of law and fact.

The evidence relating to the injury is very brief and remark-. ably free from conflict. The witness Mysell states that the defendant's wagon (a small buggy) stood at the corner of Ninth and Minna Streets, where there is a grocery store. The driver of the buggy was coming out of the store, where he had been soliciting business, and when he came out he was about twenty-five feet from where the horse stood. As he came out of the store " he beckoned to the horse, making a chirping sound with his lips," and then walked across Ninth Street to go to another grocery store on the opposite side of the street. He did not go in front of the horse, but stepped into the middle of the sidewalk and crossed over the flags, the horse following him gently on the street; "and when the horse got into the curve there was a little rut there; it was put there for a track, and the light buggy made a jump, whereupon the horse looked back and immediately started to run." The driver was standing by the corner and called the horse to stop, but he did not stop. At the time the horse started to run away, the driver was standing from ten to fifteen feet distant. The evidence of the driver differs in some slight particulars, but is substantially the same. The plaintiff was run over when in the act of crossing Minna Street, and was severely injured. It further appears from the evidence that the horse was a gentle animal, and had been trained to fol- low the driver.

On behalf of appellant it is claimed in the first place that the Court below erred in refusing to give certain instructions asked, by defendant. These instructions relate to the questions of negligence, contributory negligence, and damages. There is no doubt that several of these instructions were correct, and should

have been given; but an examination of the charge of the Court to the jury will show that all the principles of law embodied in the instruction refused were fully covered by the charge. This was sufficient, under numerous decisions of this Court. Indeed the charge of the Court on the question of negligence on the part of the defendant or his employé was more favorable than the facts of the case demanded; the Court left the question of defendant's negligence to the jury, instead of charging them that the proof fully established it. There is no doubt that the horse was left on the public street unfastened in violation of the following ordinance, which was put in evidence in the case:

" No person having or using any animal, except it be attached to a dray, truck, cart, or water-cart, shall leave such animal, without securely fastening the same; and no person having or using any animal attached to a dray, truck, cart, or water-cart, shall leave such animal without first securely locking the wheels of the vehicle to which it shall be attached."

This ordinance was intended to subserve a good purpose, and doubtless would do so if strictly enforced. The practice of leaving animals, attached to vehicles, unfastened upon our public streets, and thus placing in jeopardy the lives of men, women, and children, should not be tolerated. It is, in fact, condemned by the law, and when damages result therefrom, the owner of such animal should be held to a strict legal accountability. It will be sufficient to refer to two or three authorities in this connection.

" The failure of any person to perform a duty imposed upon him by a statute or other legal authority should always be considered evidence of negligence, *or something worse.* Whether it constitutes such negligence as tended to cause the injury to the plaintiff, in any particular case, is another question, the principles governing which are stated elsewhere; but such an omission must constitute just cause for complaint on the part of the State, if not of individuals; and when no evil intent appears, the omission may properly be regarded as simple negligence. The omission to perform a legal duty being proved, the plaintiff ought not to be required to prove further that the act omitted

was inherently essential to the exercise of due care by the defendant. Thus, if a railroad company is required by law to fence its track, to ring bells, or to give other warnings of danger ; or if one building a wall is required to make it of a certain thickness ; or if obstructions to a street are prohibited, a violation of any of these legal regulations is sufficient evidence of negligence." (Shearman & Redfield on Negligence, § 13, *a.*)

" So, if a specific duty is imposed upon any person by law, or by legal authority, an action may be sustained against him by any person who is specially injured by his failure to perform that duty." (§ 54, *a.*)

" It is an axiomatic truth, that every person while violating an express statute is a wrong-doer, and as such is *ex necessitate* negligent in the eye of the law ; and every innocent party whose person is injured by the act which constitutes the violation of the statute is entitled to a civil remedy for such injury, notwithstanding any redress the public may also have." (*Jetter v. N. Y. and Harlem R. R. Co.* 2 Abbott, 464.)

The only remaining question is that of damages. It is claimed that $1,400 was an excessive verdict, and should therefore have been set aside by the lower Court. The evidence relating to the extent of the plaintiff's injuries was conflicting, and we are not prepared to say that the jury gave him more than he was entitled to receive.

The charge of the Court upon the subject of damages was clear and strictly correct, and, in our opinion, this is not a case for reversal on the ground that the damages were excessive.

We find no error in the proceedings ; and therefore, the judgment and order are affirmed.

MYRICK, J., and THORNTON, J., concurred.