[L. A. No. 791.   Department One.—December 24, 1900.]

JOHN LEMASTERS, Respondent, v. SOUTHERN PACIFIC COMPANY, Appellant.

ACTION FOR DEATH—COLLISION—OPEN SWITCH—RIDING UPON BOARD ATTACHED TO SWITCH-ENGINE—VIOLATION OF RULES—CONTRIBUTORY NEGLIGENCE.—A railroad company which is not guilty of wanton or willful negligence or misconduct is not liable in an action for the death of an employee who was killed by collision of a switch-engine with a stationary engine by reason of an open switch, where he was guilty of contributory negligence by riding, in known violation of the rules of the company, and without its consent or authority, upon a board attached to the front and rear of the switch-engine, placed there for the use of the yardmen only in directing the movements of the engine.

ID.—PASSENGER—LICENSEE—TRESPASSER.—An employee, while riding as a passenger or licensee upon defendant's train, can have no greater rights than an ordinary passenger, for the death of whom, while riding in the same position of danger as the em-

ployee, the company would not be responsible, there being no license to him as a passenger to ride in that position. If the employee was a trespasser, the company owed him no duty.

ID.—INAPPROPRIATE INSTRUCTIONS—WANTON AND WILLFUL NEGLIGENCE—TRESPASS—YOUTH OF DECEASED.—Where there is no evidence tending to show any wanton or willful negligence or misconduct of the railroad company, instructions should not be given upon that subject; and where it appears that the deceased was nearly seventeen years of age, and was a bright, active boy, who had been employed as fireman upon the switch-engine upon which he was riding when killed, the court ought not to instruct the jury that if he was a trespasser, the jury could take into consideration his youth and immature judgment.

ID.—CONTRADICTORY INSTRUCTIONS.—Instructions that the plaintiff cannot recover unless the negligence of the defendant was willful and wanton, and that if the death occurred by reason of negligence of defendant's servants, without fault of the deceased, the verdict must be for the plaintiff, are directly contradictory, and require reversal of the judgment for the plaintiff.

ID.—ERRONEOUS INSTRUCTION—FAILURE TO STOP TRAIN AND REMOVE DECEASED.—It is error to instruct the jury that, if the servants in charge of the engine, knowing that the deceased was riding on the footboard in a dangerous position, did not stop the train and order or compel him to get off, but allowed him to remain there without objection until the collision occurred, the defendant is liable for his death, if it did not exercise ordinary care to prevent the accident.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

J. W. Ahern, and Walter J. Trask, for Appellant.

A. J. Bledsoe, for Respondent.

GAROUTTE, J.—This action was brought by the father to recover damages for the death of his son. The deceased was a bright, active boy, nearly seventeen years of age. He was a fireman upon a switch-engine of defendant, and had been working in that capacity for nearly two months. At the time of the accident he was not on duty. The pay-car of defendant, to which was attached a switch-engine, started to go from the railroad station to the roundhouse. A board is attached re-

spectively to the front and rear of this engine, about a foot above the track.   This board is placed there for the use of the yardmen in directing the movements of the engine.   As the engine started to the roundhouse, the deceased, in company with three others, jumped upon the rear board, and while standing upon it, and riding toward the roundhouse, the engine, by reason of an open switch, passed to another track and collided with a stationary engine there located.   Deceased was killed, being jammed between the engine and the car, and the other three parties were severely injured.

If deceased had been a passenger upon the train of defendant, and had located himself in a position of danger similar to that where he here placed himself, it is evident damages could not be recovered for his death.   His contributory negligence in placing himself in that position would be a complete bar to a recovery.   And we cannot see how plaintiff is in a better position to bring this action than he would be if deceased had been a passenger upon defendant's train.   As disclosed by the facts, deceased was either a trespasser or a mere licensee. As a trespasser defendant owed him no duty; and if he was a mere licensee riding upon the train, even conceding that defendant owed him a duty, still he certainly had no more rights than a passenger situated under the same circumstances.   It would be an anomaly to hold that a mere licensee could occupy a position as to the defendant more favorable to himself than could the ordinary passenger traveling upon the train.   Again, if deceased was a licensee he was only a licensee to ride upon the train.   He was not a licensee to ride upon this board attached to the engine.   It was against the rules of defendant for persons to ride upon this board, and deceased was acquainted with that fact.   In addition to these circumstances, there is no evidence that the deceased, or anyone else, with the consent of defendant, at this particular time, or at any other time, rode upon this board.

In this case the doctrine of *Esrey v. Southern Pac. Co.,* 103 Cal. 541, is invoked, a case of wanton and willful misconduct upon the part of the defendant.   But this is no such case. Here defendant did not know that deceased was upon the board, and, even if it had known it, it did not know that the switch

was open. If defendant had known that the switch was open, and that deceased was upon the board, and, being possessed of that knowledge, had run the train upon the other track, thereby colliding with the second engine, possibly the doctrine of the case cited could be invoked. *Wilcox v. San Antonio Ry. Co.,* 11 Tex. Civ. App. 487, in its facts is similar to the case at bar, except by the facts of that case it appears that the young man injured was riding on the engine board with the consent of the engineer and other employees. Yet it was there held that having placed himself in a position of danger, he was barred from recovering damages for injuries received by reason of defendant's negligence. (See, also, *Eaton v. Delaware etc. Ry. Co.,* 57 N. Y. 382.[1])

Instructions of the court were given to the jury upon the question of willful and wanton misconduct upon the part of defendant. In view of what has been said the evidence presented no question of that character. Again, the court instructed the jury that if deceased was a trespasser the jury could take into consideration his youth, and the immature judgment which naturally belongs to youth, etc. When we consider that the deceased was nearly seventeen years of age—a bright, active boy who had been for two months working as a fireman upon the identical engine upon which he was riding at the time of the accident—we feel assured there is no place to be found in the case where instructions were appropriate which deal with this question of the immature judgment of childhood.

The court gave the jury the following instruction at the instance of defendant: "In this case the plaintiff claims that his son, Charles Lemasters, was killed . . . . through wanton and willful neglect of the defendant, and before you can find a verdict against the defendant you must be satisfied that the accident causing the death was not caused alone by negligence, but that negligence must have been willful and wanton." The following instruction was given at the request of plaintiff in speaking as to the duty of the defendant to give signals and keep a proper lookout in order to prevent a collision: "And if you find from the evidence that the servants of defendant failed therein, and by reason of their negligence, and without the

---

[1] 15 Am. Rep. 513.

fault of the deceased, Charley Lemasters, he was killed in a collision as alleged in the complaint, it will be your duty to find a verdict for the plaintiff." These two instructions are directly contradictory.

The court also gave the jury the following instruction: "And if the servants of defendant in charge of and operating said engine and train, knowing that the deceased, Charley Lemasters, was riding on the footboard of said switch-engine, in a dangerous position, yet did not stop the train and order him off, or compel him to get off, but allowed him to remain where he was without objection until the collision occurred, then the defendant is liable for his death, and your verdict must be for the plaintiff, provided you find the defendant did not exercise ordinary care to prevent the accident." If this instruction be sound law, then the ordinary tramp riding upon a brakebeam could recover damages for injuries received in a collision occasioned by the negligence of defendant, if the defendant knew the tramp was riding. The instruction does not contain a sound exposition of the law.

For the foregoing reasons the judgment and order are reversed and the cause remanded.

Harrison, J., and Van Dyke, J., concurred.