[No. 2485]

# W. H. JAMES, JR., APPELLANT, *v.* J. H. STERN, RESPONDENT.

[195 Pac. 1104]

1. ELECTIONS — "DISTINGUISHING MARK" MUST BE MADE DELIBER-
   ATELY AND IDENTIFYING.

   Under Stats. 1917, p. 374, sec. 48, forbidding rejection of the
   ballot where marks cannot be definitely shown to be inten-
   tionally distinguishing marks, a distinguishing mark is one
   which is made deliberately and which may be used as a means
   of identification, but an unauthorized mark inadvertently
   placed on the ballot by the voter, not of a character to be used
   readily for corrupt purposes, does not prevent counting the
   ballot.

2. ELECTIONS—WHETHER MARK IS DISTINGUISHING IS QUESTION OF
   FACT ON WHICH DECISION BELOW IS CONCLUSIVE.

   Whether an unauthorized mark on a ballot is a distinguish-
   ing mark is generally a question of fact on which the decision
   of the trial court or jury is conclusive on appeal, unless the
   marking is so apparent or conclusively identifying that it can
   be so designated as a matter of law.

3. ELECTIONS—USE OF STAMP TO MAKE ANGLE INSTEAD OF CROSS IS
   "DISTINGUISHING MARK."

   Marks in the squares opposite the names of some candi-
   dates, made by the voter with the stamp furnished by law in
   such a way as to make an impression in the form of an acute
   angle instead of a cross, are clearly intentionally made and
   are distinguishing marks, so that the ballot should not be
   counted.

4. ELECTIONS—BLOT HELD NOT "DISTINGUISHING MARK."

   A heavy blot apparently unintentionally made in the square
   opposite the name of one of the candidates of such a character
   that the defect could not be used readily for corrupt purpose is
   not a distinguishing mark, and does not prevent the counting
   of the ballot.

5. ELECTIONS — DOUBLE CROSS IN OBVIOUS ATTEMPT TO RETRACE
   CROSS NOT "DISTINGUISHING MARK."

   Where the voter made a double cross in the square opposite
   a candidate's name in an obvious attempt to retrace his first
   cross, the mark is not distinguishing, and the ballot should not
   be rejected.

6. ELECTIONS — ATTEMPT TO ERASE CROSS IS "DISTINGUISHING
   MARK."

   An attempt by the voter to erase a cross placed by him in
   the square opposite a candidate's name, which resulted in a
   manifest injury and almost mutilation of the paper on which

the ballot was printed, is a distinguishing mark which prevents the counting of the ballot.

7. ELECTIONS—MEANINGLESS IMPRESSION INVALIDATES BALLOT.

A ballot on which there appear in the squares opposite the names of several candidates marks which are so indistinguishable as not to indicate the slightest attempt or intent to make a cross cannot be counted, since to do so would nullify the amendatory requirement of the statute that the voter, in preparing his ballot, must stamp a cross in the square.

APPEAL from First Judicial District Court, Ormsby County; *Frank P. Langan,* Judge.

Election contest proceedings by W. H. James, Jr., against J. H. Stern. Judgment for contestee, and contestant appeals from the judgment and from the order denying his motion for a new trial. **Affirmed.**

*Alfred Chartz,* for Appellant:

Where a ballot is rendered faulty by reason of the poor quality of paper, pads, or board, the defects may be considered as accidental and will not vitiate the ballot. State v. Sadler, 25 Nev. 189; Dennis v. Caughlin, 22 Nev. 456.

When the voter can see the effect of his handling of the ballot, it is his duty to return it if spoiled and get a new one. Strosnider v. Turner, 29 Nev. 350.

Blurs and blotches caused by the folding of the ballot will not vitiate it. Dennis v. Caughlin, supra; State v. Baker, 35 Nev. 317.

Where a ballot shows very light impressions of the cross, but it is evident the voter had a proper stamp and made regular impressions, and it is impossible to point to any identifying marks on its face, the ballot is legal. Strosnider v. Turner, supra.

A double cross will not vitiate a ballot, where it is evident that the voter endeavored to retrace one cross with a heavier stroke or impression of the stamp. State v. Sadler, supra; Strosnider v. Turner, supra.

"It is evident that, * * * where the unauthorized mark is not of such a character as to be used readily

for the purpose of identification, the ballots should be counted." Dennis v. Caughlin, supra.

It is impossible to distinguish any cross opposite a number of names, but there are certain marks, as though made with a pen or brush. Crosses made with pen or pencil, or by marking with the wrong end of the stamp, as with a pen or brush, invalidate the ballot. State v. Baker, supra.

No cross, but distinct blotches, appear opposite certain names. The law calls for a cross, and nothing else, and inside the square, and nowhere else. "A cross is the only mark authorized by statute    *    *    *    and it is only by force of the statute that it gets its significance for that purpose." In Re Vote Marks, 21 Atl. 962; Strosnider v. Turner, supra.

*W. E. Baldy*, for Respondent:

Where the intention of the voter is clear, the ballot should be received and counted; and where it appears that blurs or blotches are evidently the result of folding, the ballot is a good one and should be counted. State v. Sadler, 25 Nev. 179.

Ballots which do not show a cross, but indescribable marks, are clearly illegal. Strosnider v. Turner, 29 Nev. 350.

Where there is an apparent attempt to retrace or make it more certain, and in doing so more lines are employed than are necessary to make a cross, the ballot is not for that reason rendered invalid. State v. Baker, 35 Nev. 315; State v. Sadler, 25 Nev. 179; Strosnider v. Turner, supra.

Ballots marked with a double cross have been repeatedly held illegal. State v. Baker, supra; State v. Sadler, supra.

Where, after each and every name, there appears a discernible cross, and blurs or blotches do not constitute distinguishing marks, there is a valid ballot. State v. Sadler, supra.

*Per Curiam:*

W. H. James, Jr., a Democrat, and J. H. Stern, a Republican, were rival candidates for the office of sheriff of Ormsby County at the general election in November, 1920. There were no other candidates for said office at said election. Upon the official returns, as canvassed by the board of county commissioners of said Ormsby County, Stern had a majority of one vote, and he was declared elected by said board. Thereafter a contest was inaugurated by W. H. James, Jr., in the district court of said county, and such proceedings were had therein as resulted in a finding by a trial court, sitting without a jury, that Stern had received two more votes than James, and he was accordingly declared elected. James, being dissatisfied with the result, appeals to this court from the judgment rendered in favor of his opponent and from an order refusing him a new trial. His appeal is based upon the rulings of the lower court in accepting or rejecting seven particular ballots, certified as Exhibits Nos. 12, 4-3, 10-3, O-3, N-3, L-3, and K-3. The particular objections to each ballot go to its validity or invalidity as a whole, rather than as to its validity as a vote for either James or Stern. The integrity of the ballots is not questioned, and they are certified up to us to determine whether or not, as a matter of law, the markings and defects appearing upon the face of each ballot, independently of the other, constitute distin-, guishing or identifying marks of such character as to authorize us to accept or reject the ballot.

1. The general election law provides in general terms the kind of ballots to be counted or rejected, and contains this provision:

"But nothing in this act shall be construed as grounds for the rejection of a ballot where the intention of the voter is clear and where marks on the ballot cannot be definitely shown to be intentional distinguishing marks, characters or words." Stats. 1917, sec. 48, p. 374; 3 Rev. Laws, p. 2759.

A distinguishing mark, as contemplated by the law, has been declared by this court to be that, if an unauthorized mark is inadvertently placed upon a ballot by a voter, and is not of a character to be used readily for a corrupt purpose, the ballot should be counted, but that, if it is made deliberately and may be used as a means of identification, the ballot should be rejected. Dennis v. Caughlin, 22 Nev. 447, 41 Pac. 768, 29 L. R. A. 731, 58 Am. St. Rep. 761, and note; 47 L. R. A. 824, note.

2. From this authority it follows that what constitutes a distinguishing mark is generally a question of fact for the trial court or jury, according as the trial may be had. It being a question of fact, we are of the opinion that, unless the marking is so apparent or conclusively identifying that we may say as a matter of law that the mark may be used for that purpose, the finding of the trial court upon such question is conclusive on appeal. It is conceded, or must be conceded, that no fixed or definite rule can possibly be prescribed for determining such question. If the mark is definitely shown to have been intentionally made, and is of such character as may be used for identification purposes, it is, of course, a distinguishing mark; or if the marking is of such character as the maker can describe it to another, it may safely be said that it is a mark that may be used readily for identification purposes, and the ballot should be rejected.

3. The markings complained of on Exhibit No. 12 constitute identification or distinguishing marks. The mark in the square opposite the name of each of the three candidates specified was evidently made by the voter with the stamp furnished by law with which to indicate his choice. It is also clear that the voter, in making the impressions, in each instance held the stamp in such position as to make an impression in the form of an acute angle that in no sense can be said to resemble a cross. The markings in some of the squares opposite the names of other candidates show an attempt on the

part of the voter to make a cross, with imperfect success. In other instances the voter succeeded in making a cross. Conceding that the voter in each instance successfully indicated his choice, yet the statute requires that the voter shall prepare his ballot by stamping a cross or X in the square, and in no other place, after the name of the person for whom he intends to vote. In this instance the voter knowingly failed to do so, and left upon the ballot a mark that, in our judgment, can be used readily as a distinguishing mark; that is to say, in our opinion, the mark is of such character that it may be described by the maker to another for that purpose. Hence we conclude that the ballot, as a matter of law, should have been rejected and not counted for Stern.

4. The ballot certified as Exhibit 4-3 is a good ballot. The defect upon this ballot consists of a heavy blot unintentionally made in the square opposite the name of one of the candidates thereon, and it is of such character that the defect could not be used readily for a corrupt purpose, and was properly counted for Stern.

5. Exhibit 10-3 presents this sort of situation: The voter marked a so-called double cross in the square opposite the name of Peter Crow, a single candidate for county commissioner (long term). It is not denied that the ballot is otherwise regular in form. We are of the opinion that this particular marking comes within the principle announced in the cases of State v. Sadler, 25 Nev. 131, 58 Pac. 284, 59 Pac. 546, 63 Pac. 128, 83 Am. St. Rep. 573; Sweeney v. Hjul, 23 Nev. 409, 48 Pac. 1036, 49 Pac. 169, that where it is apparent the voter had attempted to retrace lines composing the cross, with the honest purpose and bona-fide attempt to comply with the requirement of the law, the ballot should not be rejected. There is nothing about the particular mark that definitely shows it was intentionally made in such manner as to enable a third person to determine from an inspection of it, without further aid, that the same was

deposited by a particular person. There is nothing about the marking to show that it was in fact used for corrupt purposes, or could be used readily for such purpose. The ballot was properly counted for Stern.

Counsel for appellant insists that the lower court erred in sustaining respondent's objections to Exhibits O-3, N-3, L-3, and K-3, and in refusing to count said ballots for appellant.

6. The particular objection to Exhibit O-3 is that there appears in the square opposite the name of the candidate Donovan a distinguishing mark, caused apparently by the voter having stamped a cross in the square and then made an ineffectual attempt to erase it, and in so doing the voter disturbed the texture of the paper and left a decidedly distinguishing mark.

A ballot that is disfigured by the voter deliberately and intentionally attempting to scratch out and obliterate a cross made opposite the name of a candidate thereon should not be counted. Sweeney v. Hjul, supra.

The defect is such that may be used readily for the purpose of identification, and the court's ruling was correct. The ballot was properly rejected.

7. The lower court sustained the objection of the respondent interposed to Exhibit N-3, upon the ground that in the squares opposite the names of several candidates the marks are so conclusively indistinguishable as not to indicate the slightest attempt or intent to make a cross. To count such a ballot would nullify the mandatory requirement of the statute that the voter in preparing his ballot must stamp a cross in the square, and in no other place, after the name of the person for whom he intends to vote. In this particular instance there is an indescribable impression in the squares opposite the names of several candidates of such a character that it is impossible to form an opinion as to whether or not the voter had any intention of complying with the requirement of the statute. The ballot was properly rejected.

For the same reason we are of the opinion that the court ruled correctly in rejecting Exhibit L-3.

Exhibit K-3 presents the common occurrence of a voter stamping a cross and then erasing it, thereby leaving the ballot in such condition as to make the erasure serve as an identifying mark. In this particular instance the voter succeeded so effectually in erasing a cross stamped in the square opposite the name of a candidate as to nearly mutilate the paper. The ballot was properly rejected.

Our conclusion upon appellant's assignments of error decreases Stern's majority to one vote. The certificate of election as originally issued to him will stand, and the judgment and order appealed from are affirmed.