[L. A. No. 7215. In Bank.—June 12, 1923.]

## L. PAGE, Respondent, v. M. H. MAYORS, Appellant.

[1] NEGLIGENCE—AUTOMOBILE COLLISION—DAMAGES—ABSENCE OF OPERATOR'S LICENSE—EFFECT OF—EVIDENCE.—In an action for damages for a head-on collision occurring upon a public highway between an automobile operated by defendant's agent traveling on the left-hand side of the road and plaintiff's automobile, in which action the trial court found in favor of plaintiff that there was no contributory negligence and that the defendant was guilty of negligence, the claim of defendant that the judgment is erroneous for the reason that the evidence shows that the plaintiff did not have an operator's license at the time of the collision cannot be sustained where the matter of having an operator's license had nothing to do with the collision.

[2] ID.—LIGHTS — COMPLIANCE WITH STATUTE — PRESUMPTION — EVIDENCE.—In such an action, the further contention of defendant that the judgment against him is erroneous because the evidence shows that his agent was blinded by the automobile lights of the plaintiff's machine cannot be sustained where there is no evidence that these lights did not comply with the statute, and in view of the judgment it must be assumed that they did.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

---

1. Effect of operating automobile upon highway without license, notes, Ann. Cas. 1918B, 1147; 16 A. L. R. 1108; 23 L. R. A. (N. S.) 561; 25 L. R. A. (N. S.) 734; 35 L. R. A. (N. S.) 699; 41 L. R. A. (N. S.) 308; 52 L. R. A. (N. S.) 801; L. R. A. 1915D, 628; L. R. A. 1916E, 1225.

The facts are stated in the opinion of the court.

E. R. Simon and H. L. Welch for Appellant.

Harry G. Sadicoff and H. H. Myers for Respondent.

THE COURT.—This is an action in which the plaintiff sought to recover damages for a head-on collision occurring upon a public highway between an automobile operated by defendant's agent traveling on the left-hand side of the road and plaintiff's automobile. The trial court found in favor of the plaintiff that there was no contributory negligence and that the defendant was guilty of negligence and awarded damages in the sum of $425, although the plaintiff had claimed $10,000 damages. The defendant appeals and claims that the judgment is erroneous for the reason that the evidence shows that the plaintiff did not have an operator's license at the time of the collision and that the defendant's agent was blinded by the automobile lights of the plaintiff's machine. [1] With reference to the question of the operator's license, it is sufficient to say that it had nothing to do with the collision. We are not disposed to hold that the presence of the plaintiff upon the highway was unlawful and that this was thus a proximate cause of his injuries or to deprive him of the right of recovery.

[2] As to the fact that the defendant's servant's eyes were blinded by plaintiff's lights there is no evidence that these lights did not comply with the statute, and in view of the judgment we must assume that they did.

The judgment is affirmed.