[L. A. No. 19372. In Bank. Dec. 21, 1945.]

CHARLES HOPPER, Appellant, v. NICK BULAICH, Respondent.

Arthur E. Briggs and Perry G. Briney for Appellant.

Parker & Stanbury, Harry D. Parker and A. P. G. Steffes for Respondent.

SHENK, J.—The plaintiff sued to recover damages for injuries suffered when he fell into an uncovered ditch excavated by the defendant along 101st Street near the town of Lennox in Los Angeles County. The jury returned a verdict for the defendant. The plaintiff appealed from the judgment specifying as grounds for reversal prejudicial errors in the giving of certain instructions, in the refusal to give others, and in the admission of certain evidence.

The defendant was under contract with the county of Los Angeles to install sewer pipe along 101st Street from Hawthorne Boulevard easterly toward Freeman Avenue. Work began on Monday, November 9, 1942, at Hawthorne Boulevard. An excavation was commenced which was two feet wide and eight feet deep. It extended along and about three feet from the south boundary of 101st Street, a narrow country road, for approximately 1,160 feet. A portion of the south boundary of 101st Street formed the north boundary of the property of a Mr. Berry, the entrance to which was on 101st Street west of Freeman Avenue.

The plaintiff, a man of 62 years, and Mr. Berry were employed at an aviation plant. For about five weeks prior to November 14, 1942, the plaintiff each morning had been calling for Berry, whence they proceeded to the plant in the plaintiff's automobile. Usually the plaintiff stopped his car in front of the entrance to the Berry place. On leaving he proceeded westerly on 101st Street to Hawthorne Boulevard. On Thursday, November 12th, he stopped as usual on 101st Street, but upon leaving and proceeding further he found that the exit to Hawthorne was closed. He turned about and left 101st Street at Freeman Avenue. At that time the digging had progressed to a point about 200 feet west of Berry's place. The next time the plaintiff called for Berry was two days later, Saturday, November 14th, at 5:30 a. m. It was dark and foggy and somewhat damp. Instead of turning into 101st Street which he had previously found closed at Hawthorne,

he parked his car on Freeman Avenue in front of the Berry property and walked west along the fence on 101st Street toward the Berry entrance. He did not observe the ditch which by that time had been excavated along the Berry property to within about 90 feet of Freeman Avenue, and he saw no barricades or lights. He fell into the uncovered ditch at a point about 28 feet from the easterly end of the excavation.

Ahead of the easterly end of the ditch three or four tile lengths had been set upright, with a 2x4 scantling lying across them on or near which there were three red-globed lanterns which were not lighted. The first lighted lantern appeared about 50 feet west of where the plaintiff fell.

Ordinance No. 3597 (New Series) of the county of Los Angeles in effect at the time was introduced in evidence, and particularly sections 82 and 83 thereof. The ordinance provided that a person who caused an excavation to be made in any highway without a permit from the Road Commissioner was guilty of a misdemeanor. The Road Commissioner was given authority to impose such conditions as in his opinion were necessary for the protection of the highway, for the prevention of undue interference with traffic, and for the safety of persons using the highway. By section 82 he was authorized in any permit issued by him to specify what lights, barriers, warning signs, or other measures, must be erected or provided by the permittee to protect the traveling public. Section 83 prescribed the safeguards to be adopted in the absence of a specification in the permit. The defendant obtained a permit from the Road Commissioner which, together with his application therefor, was introduced in evidence. The application and the permit specified that "no excavation authorized by this permit shall be left open between sunset and sunrise without first securing written permission from the Road Commissioner." Permission to leave the ditch uncovered between sunset and sunrise was not obtained.

Plaintiff requested an instruction to the effect that if the defendant violated the foregoing provision of the ordinance and the permit, the violation constituted negligence as a matter of law, with the proviso that the violation would be of no consequence unless it was the proximate cause of the plaintiff's injury. The court refused that instruction and instructed the jury "that there was no county ordinance or law or regulation at the time of this accident prohibiting the ditch

in question from being left open at night, or in other words, requiring the ditch to be covered at night.''

The court read to the jury section 83 of the ordinance which provided that if the permit did not specify what lights, barriers, warnings, signs, or other measures, should be placed or erected by the permittee, he should maintain from sunset to sunrise warning lights at each end of the excavation and at a distance of not more than 50 feet along the excavation, and three-foot barriers at each end with warning signs of specified dimensions, lettering and diagonal stripes. The jury was told that if the defendant violated section 83, his conduct constituted negligence, which, however, was of no consequence unless it was the proximate cause of the injury.

The defendant attempts to meet the plaintiff's contention that the jury was erroneously instructed by the statement that the ordinance did not expressly prohibit the excavation of the ditch; that neither the ordinance nor the permit expressly required the excavation to be covered at night, and that if he was guilty of any violation it was the failure merely to *obtain a permit* to leave the excavation uncovered at night. The defendant attempts to compare the situation with that of a person failing to obtain a required license, and wherein it has been held that the mere failure to have the license had no causal connection with the injury. (*Page* v. *Mayors,* 191 Cal. 263 [216 P. 31]; *Shimoda* v. *Bundy,* 24 Cal.App. 675 [142 P. 109]; *Roos* v. *Loeser,* 41 Cal.App. 782 [183 P. 204]; *Arrelano* v. *Jorgensen,* 52 Cal.App. 622 [199 P. 855]; *Strandt* v. *Cannon,* 29 Cal.App.2d 509 [85 P.2d 160].)

The analogy may not be accepted. True, under the ordinance the violation, if any, for which the defendant may have been prosecuted criminally was the failure to *obtain the permit* to leave the ditch uncovered. But if it be conceded that the only violation committed by the defendant was his failure to obtain permission to leave the ditch uncovered after sunset, that fact does not necessarily dispose of his civil liability. So long as the defendant had not applied for and obtained permission to leave the ditch uncovered at night, under the terms of the permit which had been issued to him, he was required to cover the ditch between sunset and sunrise unless the circumstances excused his failure. Therefore, the ordinance and the permit, the validity of which is not challenged, formulated a standard of conduct which the court should have adopted in submitting to the jury the question of the defendant's civil

liability. (*Siemers* v. *Eisen,* 54 Cal. 418; *Mathers* v. *County of Riverside,* 22 Cal.2d 781 [141 P.2d 419]. Cf. Restatement of the Law, Torts, § 286.) The standard so established is based on experience to the effect that an excavation in a street which is left uncovered at night may cause harm to persons traveling on the highway. After receiving the pertinent provisions of the ordinance and permit in evidence the court not only refused to adopt the standard there formulated for the.guidance of the jury, but it went further. It instructed the jury in effect that there was no standard in that connection set up by any ordinance or regulation. That direction was contrary to the evidence.

In *Mathers* v. *County or Riverside, supra,* 22 Cal.2d 781, it was recognized that the rule that a criminal statute furnishes a standard of care in civil cases is not without qualification. An act of violation may occur in an emergency which under some circumstances will afford excuse or justification. In *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195, 199 [215 P. 675], it was pointed out with supporting authorities that the presumption of negligence arising from the violation of an ordinance may be rebutted by evidence that it was justifiable or excusable under the circumstances. Whether the circumstances in a given case afford excuse or justification is ordinarily a question of fact for the jury under appropriate instructions. Had such instructions been given in the present case the jury might have concluded that adequate protective measures had not been provided and that there was no excuse or justification for noncompliance with the established standard.

It is not an adequate answer to say that the regulation formulating the standard was contained or provided for in the permit issued by the Road Commissioner. Authority to prescribe the regulation was appropriately vested in the Road Commissioner by the ordinance. Standards resulting from the valid acts of legally constituted public officers or bodies have been recognized by the courts. (*Griswold* v. *Sharpe,* 2 Cal. 17; *Lemasters* v. *Southern Pacific Co.,* 131 Cal. 105 [63 P. 128]; *Vinson* v. *Los Angeles Pac. R. R. Co.,* 147 Cal. 479 [82 P. 53]; *Pruitt* v. *San Pedro etc. Co.,* 161 Cal. 29 [118 P. 223, 36 L.R.A.N.S. 331]; *Morris* v. *Sierra etc. Power Co.,* 57 Cal.App. 281 [207 P. 262]; *Clark* v. *Pacific Gas & Elec. Co.,* 118 Cal.App. 344 [5 P.2d 58, 6 P.2d 297].)

 Nor is it a sufficient answer to say that the court read to the jury section 83 of the ordinance which specified the safeguards to be furnished in the absence of a designation thereof in the permit; that the jury was correctly instructed on the issue of contributory negligence; and that the implied finding on the latter issue would therefore have brought about the same verdict. By its instruction in regard to section 83 the court adopted a standard of conduct directed solely to compliance with the safety provisions of that section. But the jury, having also before it the safeguard required by the permit, was entitled to consider whether the defendant's failure to cover the ditch at night was the proximate cause of the plaintiff's injuries. It cannot be said as a matter of law that the plaintiff was guilty of contributory negligence. It was for the jury to determine whether he had had sufficient knowledge or notice of the existence of the ditch or of the barricades and warnings to put him on guard. The refusal to submit to the jury the regulatory standard and the affirmative instruction that there was no regulatory standard therefore constituted prejudicial error.

 The court also erred in receiving evidence that on occasions holes had been cut into pigeon coops maintained by Mr. Berry along his fence line on 101st street and that the holes were large enough to admit the torso of a child probably intent on stealing pigeons, as tending to show that the lights on the barricade and along the ditch might have been snuffed out by children on the night of November 13th prior to the accident. There was no evidence that holes were cut or pigeons stolen on that night. The evidence received was so conjectural that it could not be said to have sufficient relevancy or weight in determining what actually happened on the night preceding the accident to account for the fact that lanterns were unlighted. In the event of another trial it is assumed that this error will not be repeated.

The judgment is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—I concur in the reversal of the judgment upon the ground that the court erroneously instructed the jury "that there was no county ordinance or law or regulation at the time of this accident prohibiting the ditch in question from being left open at night, or in other words, requir-

ing the ditch to be covered at night.'' In view of the fact that the application and the permit specified that ''no excavation authorized by this permit shall be left open between sunset and sunrise without first securing written permission from the Road Commissioner,'' that instruction was contrary to the evidence. However, for the reasons stated in the dissenting opinions in *Polk* v. *City of Los Angeles,* 26 Cal.2d 519, 543 [159 P.2d 931], and *Clinkscales* v. *Carver,* 22 Cal.2d 72, 76 [136 P.2d 777], I do not agree with the majority that the jury should have been instructed that if the defendant violated the provision of the application or permit requiring the excavation to be covered at night, he was negligent as a matter of law. At most, the jury might have considered the existence of that requirement in determining the question of defendant's negligence.