Maggie Preston WILLIAMS, Plaintiff-Appellant,

v.

TILLETT BROTHERS CONSTRUCTION CO., Inc. and Hayes Construction Company, Defendants-Appellees.

No. 15158.

United States Court of Appeals Sixth Circuit.

June 24, 1963.

Harris Gilbert and Joseph L. Lackey, Nashville, Tenn., Ward Hudgins, Nashville, Tenn., on brief, for plaintiff-appellant.

Wirt Courtney, Nashville, Tenn., William F. Carpenter, Goodpasture, Carpenter, Woods & Courtney, Nashville, Tenn., on brief, for defendants-appellees.

Before CECIL, Chief Judge, and KENT and WILSON, District Judges.

FRANK W. WILSON, District Judge.

The appellant, Maggie Preston Williams, was injured when the automobile in which she was riding turned over into an excavation at the site of highway construction which was being performed by the appellees in Stewart County, Tennessee. The parties will be referred to in accordance with their designation in the trial court. The complaint charged the defendants with liability in the first count upon the theory of common law negligence in creating hazards in the course of highway construction and failing adequately to safeguard the same or warn the traveling public. The complaint charged in the second count that the defendants had breached specifications in their contract with the State of Tennessee Highway Department, which specifications related to safety precautions required to be taken by the defendants during construction, including the use of warning signs, lights, barricades, and other precautions, and that the breach of these precautions constituted negligence for which the plaintiff would have a cause of action in addition to her common law action. The Trial Court directed a verdict for the defendants upon the second count, holding that it did

**302**

not state a cause of action in addition to the common law count, and submitted the case to the jury upon the common law theory only. The jury returned a general verdict for the defendants. The plaintiff now cites two errors. It is first contended that the action of the Trial Court in directing a verdict for the defendants upon the second count of the complaint was error. Secondly, it is contended that the Trial Court erred in declining to instruct the jury in accordance with a special request of the plaintiff relating to the consideration the jury should give to any breach by the defendants of the safety specifications in the construction contract in the course of their deliberations upon the issue of common law negligence.

Considering first the action of the Trial Court in directing a verdict upon the theory of negligence created by alleged breach of contract safety specifications, the Court is of the opinion that no error was committed. This is a diversity action in which the Court must look to Tennessee substantive law. The Court's attention has not been called to any Tennessee authority in which it was held that a breach of contract safety specifications would constitute negligence *per se* for which a cause of action would lie in favor of a person not a party to the contract. No Tennessee authority has been cited or come to the attention of the Court in which it was held that a breach of contract safety specifications would form a basis for a negligence action in favor of an injured third party independent of and in addition to a common law negligence action. The cases of Houck v. Minton, 187 Tenn. 38, 212 S.W.2d 891; Null v. Electric Power Board of Nashville, 30 Tenn.App. 696, 210 S.W.2d 490 and J. W. Owen,

Inc. v. Bost, Tenn.App., 364 S.W.2d 499, cited by the plaintiff do not authorize such a separate cause of action in negligence for breach of contract safety specifications. Authority from other jurisdictions is cited which does appear to support the plaintiff's contention in this regard,[1] but the majority of the cases from other jurisdictions appears to hold otherwise.[2]

Much of the authority relied upon by the plaintiff both from Tennessee and from other jurisdictions involve violations of statutes, ordinances, or validly enacted admistrative regulations, the violation of which constituted negligence *per se*.[3] The plaintiff contends that the safety specifications in the subject contract were the general specifications adopted by the Tennessee Highway Department and included in all highway construction contracts in that State, and that they were valid administrative regulations adopted in accordance with § 54-509, Tennessee Code Annotated, having the effect of law. § 54–509, T.C.A., merely authorizes the State Highway Department to make plans, specifications, and contracts for building roads and bridges. These plans, specifications, and contracts do not rise to the dignity of administrative regulations having the effect of legislative enactments and the statute does not purport to authorize such. It is not contended that the specifications meet the requirements of § 4-502, T.C.A., relating to the uniform method of adoption, filing, and publication of administrative rules and regulations.

Finally, a reading of the specifications, the alleged breach of which is sought to be relied upon by the plaintiff, reveals that they set only general standards, such as the use of "all necessary" precau-

1. Holland v. Phillips, 94 Ga.App. 361, 94 S.E.2d 503.

2. See McClendon v. T. L. James & Co. (C.C.A.5), 231 F.2d 802; Hansen v. Clyde, 89 Utah 31, 56 P.2d 1366, 104 A.L.R. 943; Wymer-Harris Construction Co. v. Glass, 122 Ohio St. 398, 171 N.E. 857, 69 A.L.R. 517, 522; Oliver v. Pettaconsett Construction Co., 36 R.I.

477, 90 A. 764; Council v. Dickerson's, Inc., 233 N.C. 472, 64 S.E.2d 551.

3. Houck v. Minton, 187 Tenn. 38, 212 S.W. 2d 891; Null v. Electric Power Board of Nashville, 30 Tenn.App. 696, 210 S.W.2d 490; Hopper v. Bulaich, 27 Cal.2d 431, 164 P.2d 483; Morris, "The Role of Administrative Safety Measures in Negligence Actions." Texas L.Rev. 143.

tions and barricades, "suitable and sufficient" lights, signs, warnings, and watchmen. It would remain for the jury, in any event, to determine what was "necessary," "sufficient," and "suitable" under the circumstances of this case—i.e., what reasonable prudence required. This latter the jury was charged to do under the common law issue of negligence as submitted to them.

■ Under the circumstances above recited, the conclusions of the Trial Judge and his interpretation of local law should be given great weight in this court. 1A Moore's Federal Practice, § 0.309(2) p. 3330. As stated by the Court in the case of Community Federal Savings & Loan Association of Overland v. General Casualty Co. (C.C.A.8), 274 F.2d 620 at 623:

> "Plaintiff concedes that it has found no cases squarely in point in Missouri or elsewhere to support this proposition. We also are unable to find any cases so holding. In such a situation, this Court accepts the considered views of the trial judge as to the applicable local law, unless convinced of error."

■ The specifications were admitted in evidence by the Court and read to the jury. They were admitted by the Court as evidence of negligence, but the Court declined to charge that their breach by the defendant would constitute negligence *per se*. As the only other error relied upon in this appeal, the plaintiff complains of the action of the Court in declining a special request that the jury be charged to "consider" the specifications and their alleged breach in their deliberations upon the issue of common law negligence. This Court is unable to see any error in the Trial Court's action in declining the plaintiff's request. Both in the general charge and in a supplemental charge to the jury the Court did instruct the jury that, while the specifications did not set the standard of care which the jury must apply, the jury might look to the specifications along with all of the other evidence in determining what a reasonably prudent person would have done under like or similar circumstances. The charge was a correct statement of the law and covers in substance the matters in the plaintiff's special request.

The judgment of the lower court will be affirmed.