JOHNS *v.* POMTREE, ADM'R

5-3747                                              398 S. W. 2d 674

Opinion delivered February 7, 1966

*James Daugherty, Pickens, Pickens & Boyce, Hodges & Hodges,* for appellant.

*John D. Eldridge* and *George P. Eldridge,* for appellee.

FRANK HOLT, Justice. The appellee brought this action against the appellants to recover damages for the wrongful death of appellee's decedent, James Pomtree. The appellee alleged that appellants failed to maintain a proper enclosure for their cattle resulting in Pomtree being killed when the car he was driving struck one of appellants' cows upon the highway. The appellants pleaded the negligence of appellee's decedent as a defense. In response to interrogatories, the jury assessed 75% negligence to appellants and 25% to the decedent and fixed appellee's damages at $20,000.00 Based upon this finding of comparative negligence the court entered judgment for appellee in the amount of $15,000.00 from which the appellants bring this appeal.

Appellants contend for reversal that the court erred in allowing counsel for appellee to make reference in his opening statement, then present evidence, and later comment in his closing argument that appellants added a strand of barbed wire to their fence subsequent to the accident. It is undisputed that on the day following the mishap the appellants added a strand of barbed wire to a part of the fence which enclosed their cattle. We must agree with appellants' assertion that evidence of precautionary measures subsequent to an accident is inadmissible to establish a negligent condition at the time of the accident. In *Kearns* v. *Steinkamp,* 184 Ark. 1177, 45 S. W. 2d 519, we said:

"* * * Subsequent precautions taken to prevent a recurrence of an injury cannot be proved to establish negligence in the first place."

In *Prescott & Northern Railway Co.* v. *Smith,* 70 Ark. 179, 67 S. W. 865, Justice Riddick wrote:

"* * * The fact that the defendant exercised less or greater care after the accident than it did at that time does not show that it was either guilty or not guilty of negligence at the time of the accident."

See, also, *Sterling Stores, Inc.* v. *Martin,* 238 Ark. 1041, 386 S. W. 2d 711. This is in accord with the general rule, both state and federal, that evidence of repairs, precautionary measures, alterations or a change of conditions subsequent to an occurrence or accident is inadmissible to establish prior negligence. 170 ALR 7; 31A C. J. S. Evidence § 291, p. 745. The rationale for this exclusionary rule is expressed in 64 ALR 2d, 1303. There it is said:

> "Some of the courts exclude the evidence on the theory that it. is immaterial and irrelevant, while others take the position that such evidence should be excluded as a matter of policy, since such subsequent repairs, alterations, or precautions are to be encouraged in order to prevent future accidents, and if such improvements could be introduced in evidence against the person making them as proof of his prior negligence, he would be discouraged from improving the place or thing that caused the injury."

The appellants argue, however, that evidence of the addition of another strand of wire to the fence on the day following the accident is not too remote in time and is competent to show the condition of the fence on the day of the accident. The answer to this argument is that the condition of the fence on that date, including the fact it contained only two strands of wire, is susceptible of proof without adverting to any precautionary measures for the future. The addition of the third strand of wire was called to the jury's attention by appellee's counsel in his opening statement, the introduction of evidence, and in the closing argument contrary to the objections of the appellants. In the light of our decisions we must hold that this constituted prejudicial and reversible error.

We deem it unnecessary to discuss other points urged by appellants for reversal.

Reversed and remanded.

Cobb, J., not participating.