**METROPOLITAN PAVING COMPANY,
Inc., Appellant,**

v.

**Kay Lynne PUCKETT, Appellee.**

**No. 9103.**

United States Court of Appeals
Tenth Circuit.

Feb. 9, 1968.

Rehearing Denied March 15, 1968.

David J. Morrison, Oklahoma City, Okl. (Rinehart, Morrison & Cooper, Oklahoma City, Okl., on the brief), for appellant.

John H. Cantrell, Oklahoma City, Okl. (Hicks Epton, of Horsley, Epton & Culp, Wewoka, Okl., Cantrell, Douglass, Thompson & Wilson, Oklahoma City, Okl., on the brief), for appellee.

Before JONES,* SETH and HICKEY, Circuit Judges.

JONES, Circuit Judge:

The facts from which this appeal stems, to the extent such facts are material to a decision of the appeal, may be briefly recited. Metropolitan Paving Company, the appellant, had a contract with the Department of Highways of the State of Oklahoma to do a paving job on an expressway along 74th Street, including service or by-pass roads along each side of it. The expressway, and the parallel service roads, intersected with Pennsylvania Avenue. The expressway and the service roads ran in an east-west direction. Pennsylvania Avenue ran in a north-south direction. Another contractor, not Metropolitan, had the job of paving the intersection and those parts of the expressway and service roads for thirty feet on each side of Pennsylvania Avenue. Paving was in progress on the expressway but the paving of the parallel service roads had been completed. An overpass was to carry the expressway across Pennsylvania Avenue. The service roads were at grade level. The elevated approaches to the overpass restricted to some extent the view of occupants of vehicles approaching the intersection. At the southwest corner of the intersection there was a well-lighted service station. Caution signs had been placed in the median of Pennsylvania on both sides of the intersecting south service road warning motorists on Pennsylvania of the hazards of the intersection. These signs could not be seen from the service road. Metropolitan had previously placed warning signs on the south service road warning motorists traveling this road of the intersection ahead, but it had removed these signs.

On February 17, 1963, when Metropolitan was in control of the service roads, an automobile driven by Dan Leroy Castano, in which Kay Lynne Puckett, the appellee, was a passenger, entered the intersection traveling east on the south service road and collided with another car, driven by Melvin Leroy Lively, which was proceeding south on Pennsylvania Avenue. Miss Puckett was badly injured. She brought an action in the United States District Court against Metropolitan, basing Federal jurisdiction on diversity of citizenship, and alleged that her injuries were caused by the negligence of Metropolitan by failing to erect barricades, by failing to post warning signs, by removing stop signs previously posted, and by leaving the intersection unprotected by signs or flares. The jury returned a verdict for $7,500. Judgment was entered upon the verdict and from that judgment this appeal has been taken. Several assignments of error are made.

■ At the trial Miss Puckett offered and the court, over objection, admitted in evidence the contract between Metropolitan and the Department of Highways of the State of Oklahoma. The contract provided, among other things, that the construction should be "in accordance with * * * the Oklahoma Standard Specifications for Highway construction

* Of the Fifth Circuit, sitting by designation.

* * * ". Included in the Standard Specifications was the following:

"When the highway under construction is being used by the traveling public, including periods of suspension of the work, the Contractor shall furnish and maintain adequate signs as described in the State Standard Plans for typical marking for detours, and such other traffic control devices and watchmen and flagmen as may be necessary to maintain safe traffic conditions."

The court instructed the jury that:

"As stated above, the standard of care required of a contractor in a case such as this is ordinary care under the circumstances. The Court has permitted in evidence certain provisions of the contract between the defendant and the Oklahoma State Highway Department and the specifications and proposal regarding the highway project involved which form a part of the contract. These provisions of these documents, as they pertain to the protection of the traveling public, do not establish the aforementioned legal duty or degree of care required by the contractor nor do they diminish or increase such legal duty of the defendant, as the contractor involved, to the traveling public. But it is proper for you to look to and consider these provisions along with all other evidence in the case in arriving at your decision and determining what a reasonably prudent person as such a contractor would have done under like or similar circumstances and whether or not the defendant herein breached a legal duty it owed the plaintiff herein as a member of the traveling public."

Other instructions set forth the duty of the contractor to use due care and to warn the traveling public of existing hazards. The court thus charged the jury:

"You are instructed that where work is being done on a highway or a service road within the area of such highway and which is under the control and use of the contractor in the necessary performance of his construction work and where members of the traveling public are permitted to pass over and use said service road for vehicular traffic, a legal duty devolves upon the contractor to use ordinary or reasonable care to maintain the service road in a reasonably safe condition to protect the traveling or motoring public from injury.

"In this connection, a contractor creating or bringing about a hazard in the course of his work or construction is under a duty to exercise ordinary care under the circumstances to protect and warn the traveling public of any such hazards by appropriate signs or warnings.

"You are further instructed that where such duty exists, the responsibility for an injury resulting from such control and use depends on its dangerous character with reference to public travel rather than to its exact location and thus it is no defense that the actual injury took place outside of the area under the control and responsibility of the contractor if the injury proximately resulted from a failure to exercise ordinary care to warn within the area of a dangerous condition immediately adjacent thereto to which the traveling public may be exposed by use of that area under the control of the contractor."

Notwithstanding the giving of the quoted instructions, Metropolitan contends that the district court authorized the jury to use a contractual obligation as a measure of the contractor's duty to the appellee. The admission of the contract and specifications and the giving of the instruction relating thereto are assigned as errors.

Metropolitan stresses the proposition that the contract did not and could not impose a higher duty of care than is created by the general law of negligence. The district court so charged the jury in clear and unambiguous language which could have left it in no doubt. Metropolitan contends with much vigor that the highway specifications were in-

admissible because they do not have the force of law. It can be asserted, with much plausibility, that the Oklahoma highway safety specifications do have the force of law but this question need not be and is not here decided. The authorities which Metropolitan brings before us are cases determining whether safety regulations impose a duty such that a violation would constitute negligence per se. These precedents are inapplicable. Where, as here, the specifications were offered as evidence to be considered in determining whether ordinary and reasonable care was exercised, they are admissible under proper instructions such as were given here.

In Williams v. Tillett Brothers Construction Co., 6th Cir. 1963, 319 F.2d 300, where an action was brought against the contractor by a passenger who was injured when the car in which she was riding overturned on a highway under construction, the district court directed a verdict against the plaintiff on her claim for a breach of the safety provisions of the construction contract. The trial court had admitted in evidence the safety specifications as evidence on the issue of negligence under the plaintiff's claim of common law negligence liability under an instruction very like that of the present case. The Court of Appeals stated:

> "Both in the general charge and in a supplemental charge to the jury the Court did instruct the jury that, while the specifications did not set the standard of care which the jury must apply, the jury might look to the specifications along with all of the other evidence in determining what a reasonably prudent person would have done under like or similar circumstances." 319 F.2d 300, 303.

The Court of Appeals held that the quoted charge was a correct statement of the law. We reach the same conclusion in applying the law of Oklahoma. See Southwestern Bell Telephone Co. v. Cox, Okl., 375 P.2d 972. The district court, whose judgment is now under review, gave an instruction substantially the same as was given in the Williams case. There was no error in the admission of the specifications or in the court's instructions relating thereto. No harm was done by the admission in evidence of the contract. It established the identity of Metropolitan as being the contractor, and, as provided by the contract, in control of the premises.

Metropolitan asserts that the specifications should have been excluded because it was not shown that they had the force of law. Such contention is without validity where, as here, the specifications were admitted only as evidence of negligence. If the theory of Miss Puckett's case had been that a violation of the specifications constituted negligence per se, then there might be merit in Metropolitan's contention. See Prosser, Law of Torts, 3d Ed. 202 et seq. The admission of the specifications, under the instructions given, was proper.

■ Metropolitan asserts that the district court erred in submitting the case to the jury because, it says, its conduct merely created a condition, and without the intervening acts of negligence of the drivers of the colliding vehicles Miss Puckett would not have been injured. The question is one of causation. The original wrongdoer, whose negligence has created the condition, will not be relieved of liability unless there is an intervening act which is a direct, sufficient and proximate cause of the injury to the exclusion of and superseding the prior negligence, and unless such intervening act might not reasonably have been foreseen as a natural and probable consequence of the condition created by the prior negligence. Yellow Transit Freight Lines, Inc. v. Allred, Okl., 302 P.2d 985.

■ Where there is a question as to whether an intervening act is the proximate cause of an injury to the exclusion of a prior wrongful act alleged to have merely created a condition, the question is ordinarily one of fact for determination by a jury. A & A Cab Operating Co. v. Drake, 1948, 200 Okl. 229, 192 P.2d 1004; Oklahoma City-Ada-Atoka

Ry. Co. v. Crabtree, 1952, 207 Okl. 327, 249 P.2d 445.

█ Since it was proper for the jury to consider whether Metropolitan was under a duty to provide warnings on the service or by-pass road and negligently failed to perform that duty, it was also proper, we conclude, to submit to the jury the question as to whether its negligence, if any, in failing to provide such warning was a proximate cause of Miss Puckett's injury. See 10A Blashfield Cyclopedia of Automobile Law and Practice, § 6603 p. 326; 38 Am.Jur. 1060, Negligence, § 352; 25 Am.Jur. 679, Highways, § 381.

█ Metropolitan urges that the district court erred in submitting the case to the jury because, it contends, the causal relationship between its negligence and Miss Puckett's injury could only be found by the jury basing an inference upon an inference. The appellant says that the jury was permitted to infer that if it had placed a warning sign, the driver of the car in which Miss Puckett was a passenger would have seen the sign and would have avoided the accident. The maxim, if such it be, of "inference upon inference," to the extent it may have any validity, is a shorthand formalism which restricts the finding of liability by a verdict based on conjecture and speculation. The question is usually one as to the remoteness of the evidence relied upon. The "inference upon inference" doctrine has been considered by the Supreme Court of Oklahoma and rejected. That court has said:

"The statement that there cannot be an inference upon an inference is not a principle of law or of logic, an inference upon an inference being permitted if the first inference is a justifiable conclusion from evidence, testimonial or circumstantial, and if the second inference is a justifiable conclusion from the first inference by itself or in connection with other evidence, testimonial or circumstantial. It is in each case a matter of the relevancy and weight of evidence." Gypsy Oil Co. v. Ginn, 152 Okl. 30, 3 P.2d 714, (1931)

That which is announced by the Oklahoma court is the majority and generally accepted rule. Professor Wigmore says:

"It was once suggested that an 'inference upon an inference' will not be permitted, i. e. that a fact desired to be used circumstantially must itself be established by testimonial evidence; and this suggestion has been repeated by several Courts, and sometimes actually enforced. There is no such orthodox rule; nor can be. If there were, hardly a single trial could be adequately prosecuted." Wigmore on Evidence, 3rd Edition, 434 § 41.

Even if there was an Oklahoma rule prohibiting an "inference upon an inference," we do not think that under the facts of this case it would have any application.

█ The district court instructed the jury with respect to the negligence of Castano, the driver of the car in which Miss Puckett was a passenger, but did not give any instruction specifically referring to the possible negligence of Lively, the driver of the other car involved in the collision. The answer of the defendant asserted that the sole cause of plaintiff's injury was the conduct of Castano, the driver of the car in which Miss Puckett was riding. There was no allegation of negligence on the part of Lively, the driver of the other car. The trial court refused to give a requested instruction on the possible negligence of Lively and it is here claimed by Metropolitan that this was error. The applicable rule correctly applied by the district court is that instructions should be based upon issues raised by the pleadings, and if an issue is not raised an instruction with respect thereto is generally improper. 35–B C.J.S. Fed.Civ.Proc. § 990, p. 363. Such is the rule of this Circuit. Century Refining Company v. Hall, 10th Cir. 1963, 316 F.2d 15; Bethel v. Thorn-

brough, 10th Cir. 1962, 311 F.2d 201. The ruling was correct.

The trial is free from error. The judgment of the district court is

Affirmed.