W. R. LIVINGSTON, AS FATHER AND NEXT FRIEND OF MATTHEW LIVINGSTON, A MINOR v. HARVEY J. FUEL

4724                                                          433 S.W. 2d 380

Opinion Delivered November 11, 1968

*Bernard Whetstone* for appellant.

*John F. Gibson* and *Wm. K. Ball* for appellee.

CONLEY BYRD, Justice.    W. R. Livingston, as father and next friend of Matthew Livingston, a minor, and on behalf of himself individually, appeals from a $15,000 judgment in favor of appellee Harvey J. Fuel.    This suit began as an action by Livingston in behalf of his son to recover the value of a horse Fuel had killed while driving his personal car.    Fuel, alleging that he collided with the horse while exercising his duties as Chief of Police, counterclaimed and cross complained against Livingston individually and in his capacity as next friend.    The appellant, for reversal, relies upon the following points:

"1.    The court committed fatal error in allowing evidence that appellant had repaired and improved the pasture fence after the horse was killed.

"2.    The court committed fatal error in refusing to allow appellant to cross-examine appellee Fuel about his visits to the Chicot Club.

"3.    The court committed fatal error in refusing to allow appellant to cross-examine appellee Fuel about his failure to claim Workmen's Compensation from his employer."

In *Johns* v. *Pomtree, Adm'r.,* 240 Ark. 234, 398 S.W. 2d 674 (1966), we held that subsequent precautions taken to prevent a recurrence of an injury cannot be proved to establish negligence in the first place.    We hold that the trial court committed error in permitting testimony of repairs made subsequent to the injury for the purposes of showing that the pasture fence holding the horse was inadequate.

It was the appellant's theory at the trial that Fuel was not acting in the scope of his employment with the city, but that in fact, he was on a personal mission of

his own—i.e., that he was speeding to the Chicot Club rather than chasing law violators as Fuel contended. On cross-examination appellant sought to interrogate Fuel relative to his frequent visits to the club and about use of intoxicants and the gambling that had existed at the club. Appellant also sought to show that Fuel had never claimed any Workmen's Compensation benefits for injuries resulting in the collision with the horse.

Since Fuel was driving his personal car within the city limits of Lake Village at a speed of 65 miles per hour and in a direction which would have taken him away from his home and office toward the Chicot Club, we hold that the trial court erred in sustaining the objections to the proffered testimony. Likewise, we hold that the trial court erred in not permitting appellant to show that Fuel failed to claim Workmen's Compensation benefits. These matters were circumstances to be considered on the issue of whether Fuel was acting in the scope of his employment as Chief of Police and, of course, were material on the issue of whether Fuel was negligently speeding in his personal car.

Reversed and remanded.