WILLIAM BENJAMIN STRICKLAND, JR., By His Next Friend, ROLAND L. STRICKLAND v. WILLARD POWELL
— AND —
WILLIAM BENJAMIN STRICKLAND v. WILLARD POWELL

No. 706DC455

(Filed 30 December 1970)

1. Automobiles §§ 56, 76— actions by driver and passenger against second driver — negligence and contributory negligence — issues submitted

In actions by the driver and a minor passenger of an automobile which struck defendant's automobile while it was stopped in the road during a rainstorm, the trial court properly submitted issues of

defendant's negligence in both actions and the issue of contributory negligence in plaintiff driver's action.

2. **Automobiles § 90— striking car stopped on highway — alleged violation of G.S. 20-154(a) — instructions**

In an action by the driver of an automobile which struck defendant's automobile while it was stopped on the highway during a rainstorm, the charge of the court, when read contextually, did not confuse or mislead the jury as to the alleged negligence of defendant in stopping on the highway without first seeing that such movement could be made in safety in violation of G.S. 20-154(a).

3. **Automobiles §§ 90, 93— collision between two automobiles — passenger's action against one driver — proximate cause — instructions**

In an action for injuries sustained by minor plaintiff while riding as a passenger in an automobile which struck defendant's automobile, the trial court erred in failing clearly to inform the jury that possible negligence on the part of the driver of the automobile in which the minor plaintiff was a passenger would not shield defendant from liability if his negligence was one of the proximate causes of plaintiff's injuries.

4. **Automobiles § 91— actions by driver and passenger against second driver — negligence of second driver — issues**

In actions by the driver and a minor passenger of an automobile which struck defendant's stopped automobile, the trial court erred in instructing the jury that if it answered negatively the first issue as to whether minor plaintiff was injured and damaged as a result of the negligence of defendant, it was required as a matter of law to answer negatively the third issue as to whether plaintiff driver was damaged by the negligence of defendant, since the jury could have based its negative answer to the first issue either upon a finding that plaintiff passenger was not damaged or upon a finding that defendant was not negligent.

APPEAL by plaintiffs from *Gay, District Court Judge,* 9 February 1970 Session HALIFAX County District Court.

These two actions, brought for the recovery of damages as a result of an automobile collision on 20 August 1966, were, by consent of all parties, consolidated for trial. Defendant's motions for directed verdict were overruled, and the jury answered the issue of defendant's negligence against the plaintiffs. Plaintiffs appealed, assigning as error certain portions of the court's charge to the jury. Facts necessary and pertinent to decision are set out in the opinion.

*Allsbrook, Benton, Knott, Allsbrook and Cranford, by Richard B. Allsbrook, for plaintiff appellants.*

*Charlie D. Clark, Jr., for defendant appellee.*

MORRIS, Judge.

Plaintiffs' evidence is summarized as follows: William Benjamin Strickland, his minor son, and some others had been to the Strickland cabin at Roanoke Rapids Lake. They left earlier than planned because of the imminence of a storm. Strickland, Sr., was driving the lead car, followed by A. R. Robinson. The minor plaintiff was a passenger in his father's car. It started to sprinkle as they left the cabin. About a mile from the lake, Strickland, Sr., turned on his windshield wipers. N. C. Highway 46 is about two miles from the cabin. When he reached Highway 46, he turned right and headed east toward Gaston. It was then raining "a good downpour." The speed limit in that area was 55 miles per hour. At the time he started toward Roanoke Rapids on Highway 46, he was driving approximately 35 to 40 miles per hour and had his parking lights on. As he approached Squire School which is located on a hill, he observed a car about 75 yards ahead of him over the crest of the hill. At that time he was traveling at approximately 30 miles per hour. The car was in the highway with no lights on. About half the distance between him and the car—between 35 and 40 yards—he realized the car was not moving. He saw someone jump from the embankment of the road onto the shoulder of the road "as to enter the car" and realized the car was "at a dead stop." He immediately applied his brakes, skidded approximately two or three car lengths, and struck the rear of the car. Approaching in the left lane at the time he applied brakes was a vehicle pulling a trailer. Mr. Robinson testified that at the time Mr. Strickland went over the hill, he was probably ten car lengths behind him and driving 35 or 40 miles per hour. As he came over the crest of the hill all he saw in the right lane of travel was Mr. Strickland's car until he applied his brakes and his brake lights came on. When his brake lights came on, Robinson realized something was in the road in front of Strickland and he started trying to stop. His car started skidding but he was able to get his right wheels on the shoulder of the road and was able to stop within three to five feet of Strickland's car.

The investigating officer testified that the composition of the road was black top. "At the point that I found these vehicles when I arrived, the highway is downgraded as you go from west to east with the lower end on the east end. If you are going down

the grade as you go from west to east, it's more than gradual. I hesitate to say it's steep but it's a pretty good drop." There were five signs on each shoulder in this particular area indicating no parking at any time. The wording on those signs was "No Parking at Any Time." The officer arrived at the scene 19 minutes after the collision occurred. At that time it was raining and it was dark, "not completely dark but dusky dark, dark enough to have lights on your vehicle." Glass and debris were found in the eastbound lane about 100 feet east of the hillcrest.

Defendant chose not to put on any evidence.

[1] In our opinion, the trial court properly submitted the case to the jury on the issue of defendant's negligence in the minor plaintiff's case and William B. Strickland's case and on the issue of contributory negligence in Strickland, Sr.'s case.

The jury was given five issues:

"1. Was the minor plaintiff, William Benjamin Strickland, Jr., injured and damaged as a result of the negligence of the defendant as alleged in his complaint?"

"2. What amount, if any, is the minor plaintiff, William Benjamin Strickland, Jr., entitled to recover from the defendant for his personal injuries?"

"3. Was the plaintiff, William Benjamin Strickland, damaged as a result of the negligence of the defendant as alleged in his complaint?"

"4. If so, did the plaintiff, William Benjamin Strickland, by his own negligence contribute to his damages as alleged in the answer?"

"5. What amount, if any, is the plaintiff, William Benjamin Strickland, entitled to recover from the defendant:

A. For medical expenses incurred by his minor son?

. . .

B. For property damage?"

They answered the first and third issues "No."

[2] Plaintiffs' first assignment of error is that the court committed prejudicial error in the charge to the jury because he

Strickland v. Powell

failed to instruct with respect to the provisions of G.S. 20-154(a) that the driver of a vehicle upon a highway has the legal duty before stopping to "first see that such movement can be made in safety."

Each complaint alleges that the defendant was negligent "in that in violation of G.S. 20-154(a), defendant stopped his automobile upon N. C. Highway No. 46 as above set out without first seeing that such movement could be made in safety." G.S. 20-154(a) reads as follows:

"The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, and if any pedestrian may be affected by such movement shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal as required in this section, plainly visible to the driver of such other vehicle, of the intention to make such movement."

Plaintiffs do not contend that defendant was guilty of violating G.S. 20-161 (stopping on highway), and concede that the mere fact that a driver stops his vehicle on the traveled portion of a highway for the purpose of receiving or discharging a passenger, nothing else appearing, does not constitute negligence. Their contention is that G.S. 20-154(a) is applicable to the facts here and the jury was misled by the charge of the court.

Conceding arguendo that the statute is applicable, we are of the opinion that the charge, read contextually, did not confuse or mislead the jury as to the negligence of defendant in the case of Strickland, Sr. The first assignment of error is, therefore, overruled.

[3] By the second assignment of error, the minor plaintiff contends that the trial court committed prejudicial error in failing adequately to instruct the jury that there can be more than one proximate cause of an injury and that, in order to hold defendant liable to plaintiff, it is sufficient if his negligence was one of the proximate causes. We are of the opinion that this assignment of error is well taken. In the charge on the first issue, the court, with only one exception, instructed that in order

to recover, plaintiff must satisfy the jury that defendant's negligence was *the* proximate cause of his injuries. It is true that after having so charged several times, the court charged that if the plaintiff "has further proven it by the greater weight of the evidence the negligence of the defendant in this regard not only exists but that the defendant's negligence was the proximate cause of the collision between the vehicles, that it was the cause or one of the causes without which the collision would never have occurred, resulting in and causing damage to plaintiff's automobile or injury to plaintiff's person, or both such damage and injury, then it would be your duty to answer the first issue, Yes." We cannot say that this one reference to the fact that there can be more than one proximate cause of an injury, clearly informed the jury that the possible negligence on the part of the driver of the car in which the minor plaintiff was a passenger would not shield defendant from liability if his negligence was also one of the proximate causes of the minor plaintiff's injury. *White v. Realty Co.,* 182 N.C. 536, 109 S.E. 564 (1921). This is particularly true in view of the previous language of the court in several instances in requiring that defendant's negligence be *the* proximate cause of plaintiff's injury.

[4] The error in the charge set out above is equally applicable to the plaintiff William Benjamin Strickland's case. Additionally, the court instructed the jury "if you answer the first issue No, then the court instructs you that as a matter of law, you will answer the third issue No." In answering the first issue "No," the jury could conceivably have based its answer upon a finding that the plaintiff was not damaged or upon a finding that defendant was not negligent. Since the issue as framed, gave the jury an alternative upon which to base its answer as to the first issue, they should not have been bound by that answer in answering the third issue. The court should have given them separate instructions as to the third issue.

As to appeal of William Benjamin Strickland—new trial.

As to appeal of William Benjamin Strickland, Jr., by his next friend, Roland L. Strickland—new trial.

Judges BROCK and VAUGHN concur.