Strickland v. Powell

WILLIAM BENJAMIN STRICKLAND, JR., BY HIS NEXT FRIEND, ROLAND L. STRICKLAND v. WILLARD POWELL
— AND —
WILLIAM BENJAMIN STRICKLAND v. WILLARD POWELL

No. 87

(Filed 10 June 1971)

1. **Automobiles § 9— statute prescribing stop signals — inapplicable to accident case**

The statute prescribing the signals which a motorist shall give before starting, stopping, or turning from a direct line, *held* inapplicable where the defendant motorist had come to a complete stop in the plaintiff's lane of travel prior to the time that the plaintiff had come into view from the other side of a hill. G.S. 20-154(a).

2. **Automobiles § 56— accident case — hitting vehicle stopped on highway — sufficiency of evidence**

Plaintiff's evidence was sufficient to go to the jury on the issue of defendant's negligence in stopping his vehicle in the plaintiff's lane of travel approximately 100 feet below the crest of a hill and during a heavy rainstorm at twilight.

ON *certiorari* to the Court of Appeals to review its decision awarding new trials on the plaintiffs' appeals from judgments entered in favor of the defendant by *Gay, Judge,* February 9, 1970 Session, HALIFAX District Court.

*Allsbrook, Benton, Knott, Allsbrook & Cranford by Richard B. Allsbrook for plaintiff appellants.*

*Charlie D. Clark, Jr., for defendant Appellee.*

HIGGINS, Justice.

These cases were considered by the Court of Appeals and new trials were ordered. The decision is reported in 10 N.C. App. 225.

[1] On the review here the plaintiffs, although awarded new trials, nevertheless find fault with the opinion of the Court of Appeals for that it casts doubt on the applicability of G.S. 20-154(a) to the facts in evidence. The plaintiffs insist this court should declare the statute applicable to the end the judge will so instruct the jury when the cases are again before the trial court.

G.S. 20-154(a) provides: "The driver of any vehicle upon a highway *before starting, stopping,* or *turning from a direct line* shall first see that *such movement* can be made in safety . . . and whenever the operation of any other vehicle *may be affected by such movement,* shall give a signal . . . to the driver of such other vehicle of his *intention to make such movement.*" (Emphasis added.) The statute regulates the driver's movement of his vehicle and prescribes the signals he shall give indicating his intention to make such movement.

In this case Powell may have given a signal of his intention to stop, but at that time Strickland was on the other side of the hill and out of sight. After Powell stopped, he did not thereafter move his vehicle. Moving signals were not due until further movement was intended. Neither movement nor signals played any part in the accident involved in these cases. G.S. 20-154(a) was not applicable to the facts in evidence.

The court charged: " . . . (T)hat (if) at the time and place complained of the defendant was negligent, either by parking his car on the highway or stopping his car on the highway without giving proper signals, I instruct you that if the plaintiff has . . . proved it by the greater weight of the evidence . . . it would be your duty to answer the first issue, Yes." The charge was based on G.S. 20-154(a) and may have induced the jury to believe that the giving of a stop signal would exculpate Powell.

[2] The complaints allege and the evidence tends to show that the accident occurred on the highway approximately 100 feet east and below the crest of a hill which the officer described: "I hestitate to say it's steep but it's a pretty good drop." It was twilight, there was a downpour, and the surface of the road was covered with water. The plaintiff's traffic lane was 10 feet wide, the shoulder between the surface and the ditch was insufficient to allow passage to the right. At the place of the accident, highway traffic signs carried the warning: "No Parking at Any Time."

The plaintiff was driving 35 to 40 miles an hour in a 55 mile zone. At the first sight of the stationary Ford in his line of travel, the plaintiff applied his brakes and though his tires were new, the vehicle skidded on the surface which was covered with water and crashed into the rear of the Ford. The car was

damaged and the minor plaintiff sustained rather serious injuries leaving disfiguring scars.

The plaintiffs' evidence was sufficient to go to the jury on the theory that the defendant knew, or should have known, that to stop his vehicle and permit it to block the eastbound traffic lane under the conditions then existing created a situation of great danger likely to result in a rear end collision. *Saunders v. Warren*, 264 N.C. 200, 141 S.E. 2d 308. There was error in applying G.S. 20-154(a) to the plaintiffs' evidence.

The decision of the Court of Appeals awarding new trials is

Affirmed.