MORIN, Appellant
v.
CHICAGO AND NORTHWESTERN RAILWAY SYSTEM,
Respondent

(209 N.W.2d 895)

(File No. 11042. Opinion filed August 20, 1973)

Horace R. Jackson, Whiting, Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for plaintiff and appellant.

Arlo D. Sommervold, Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and respondent.

WINANS, Justice.

The plaintiff, Thomas Morin, brought this action to recover for injuries to his person and automobile sustained when his car collided with a railroad train operated by the defendant, Chicago and Northwestern Railway System. In his complaint the plaintiff alleged that the defendant railroad undertook to back a string of cars toward and across a public highway and that the act was performed negligently in pushing a silver colored tank car in the lead which blended with a snow covered background in the nighttime and failing to provide appropriate signals or red light warnings. The plaintiff further alleged that as a result of said negligence, the car he was driving collided with the lead car of the train and he was seriously injured and his car destroyed. The case was tried before a jury who returned their verdict for the defendant. From the judgment entered pursuant thereto and an order denying a new trial, the plaintiff has appealed.

The collision occurred at a railroad crossing on Highway 16, just outside of Ellsworth Air Base. The plaintiff was alone in his automobile returning to Ellsworth from Rapid City. It was dark and the road was packed with snow and ice. There was a slight curve in the highway just before the crossing. The railroad was engaged in backing five cars and three engines across the highway when the accident occurred. A brakeman was stationed on the front moving end of the first car, holding an electric lantern with a white beam which he waved at Morin from a considerable distance as the train approached the crossing. The brakeman caused the train to be brought to a stop after Morin's automobile was detected. The conductor was stationed on the highway with an electric lantern similar to the brakeman's. He began signaling Morin when he was approximately 600 feet away

and he continued to do so until Morin was 50 to 100 feet away. At the trial, the plaintiff testified that he was 30 to 40 feet away from the crossing before he first observed the tank car on the highway and that he was driving 25 to 30 miles per hour at the time. When he first observed it, the tank car projected some three or four feet onto the highway crossing and it was in the same position when he collided with it. There was evidence that the highway was approximately 25 feet wide and thus there was about 21 feet of unobstructed highway. The plaintiff also testified, "I was driving down and I noticed what appeared to be a flashlight off to my right about two o'clock. I looked over that way to see what it was and I couldn't see anything; and I turned around and looked up and there was the train coming in the crossing, and I immediately hit my brakes and, of course, I started sliding * * * and collided with the railroad car." He further testified that he saw no other warning lights prior to the accident.

It was the plaintiff's theory at the trial that the white lights used by the railroad were inadequate to warn of the intrusion of the train upon the crossing and that the failure to provide appropriate lights and signals constituted negligence. However, prior to trial, the defendant moved (1) to restrain the plaintiff from asking any witness at the trial—lay or expert—if the warnings used by the railroad were adequate or what warning lights or signals should have been used, and (2) to restrain the plaintiff from questioning witnesses in regard to whether the railroad had used different warning lights and signals at the particular crossing before or after the accident. The court granted the defendant's motions and denied the plaintiff's offer to prove by a highway patrolman that the warnings used by the railroad were inadequate at the time of the accident; that a red light was required to fairly apprise motorists of the intrusion of the train upon the highway; and that different warnings had been used by the railroad at the particular crossing before and after the accident.

In this appeal, the plaintiff contends that the trial court committed reversible error in granting the defendant's above described motions and in denying his offer of proof. With respect

to the trial court's rejection of opinion testimony concerning the adequacy of the warning lights and signals, the plaintiff argues that this was a proper subject for expert opinion testimony and the court erred in denying it. Although we do not fully approve of the manner used to determine its admissibility, we find no error in its rejection.

 Whether or not expert opinion testimony should be permitted upon a particular subject is a question to be determined by the trial court in the exercise of sound discretion. Kleinsasser v. Gross, 1964, 80 S.D. 631, 129 N.W.2d 717. The trial court's ruling on the matter will not be disturbed in the absence of a clear abuse of discretion. There was no such abuse of discretion in the present case. We have consistently stated that if the subject of the expert opinion is one of common knowledge, and the facts are available to the jury and equally understandable by them, the opinion of the expert should be rejected. Kleinsasser v. Gross, supra; Wentzel v. Huebner, 1960, 78 S.D. 481, 104 N.W.2d 695; State v. Spry, 1973, 87 S.D. 318, 207 N.W.2d 504. Here, the trial court could reasonably have concluded that the adequacy of the warnings was a subject within the range of common knowledge and that the jury was capable of reaching their own conclusion from the evidence available to them, without the necessity of an expert opinion.

 It is also our conclusion that the trial court did not err in restraining the plaintiff from introducing evidence concerning variations in the warnings used by the railroad at the particular crossing before and after the accident. It is well settled that evidence of changes in conditions or precautions taken after an accident is not admissible as proof of negligence. 29 Am.Jur.2d, Evidence, § 275. Likewise, evidence that the defendant normally used different precautionary measures prior to the accident is inadmissible where, as here, the plaintiff did not know of or rely on the previous measures. Wooley v. Chicago & N. W. Ry. Co., 1951, 74 S.D. 203, 50 N.W.2d 644; 65A C.J.S. Negligence § 237(2)a.

 The plaintiff next contends that the trial court erred in excluding certain opinion testimony attempted to be elicited at

the trial from one of his witnesses, Manford Adkins. Adkins testified that he was driving approximately 400 yards behind the plaintiff and that he saw no warnings of danger on the highway until the plaintiff's brake lights came on just prior to the collision. He further testified that after observing the brake lights come on, he took evasive action by driving his vehicle into a ditch beside the road. After hearing this testimony, the trial court prevented Adkins from expressing an opinion to the effect that if he had not taken this evasive action he also would have collided with the train at the crossing despite the fact that he received the additional warning from the plaintiff's brake lights.

We find no error in the trial court's ruling on the matter. The trial court must exercise a large measure of discretion in determining whether or not a witness should be permitted to give his testimony in terms which include opinions or conclusions. We will not interfere with the exercise of this discretion unless it has been clearly abused to the prejudice of the complaining party. Here, there was no such abuse of discretion. Adkins was allowed to describe the physical facts and circumstances concerning his ability to avoid a collision at the crossing. If there was error in precluding him from expressing an opinion or conclusion on the subject, it was at most a harmless error.

We find no merit in the plaintiff's remaining assignments of error.

Affirmed.

All the Justices concur.