Gary JANSKI, Appellant (Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 4348.

Supreme Court of Wyoming.

Dec. 23, 1974.

John E. Ackerman and Ronald L. Brown, Casper, for appellant.

David B. Kennedy, Atty. Gen., David A. Kern, Asst. Atty. Gen., and Patricia Linenberger, Legal Intern, Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN and McCLINTOCK, JJ.

Justice McEWAN delivered the opinion of the court.

The jury found the defendant guilty of delivery of a controlled substance [1] (marihuana) and he was sentenced to a term of one to three years in the Wyoming State Penitentiary. One of the points upon which he relied for reversal was that the evidence adduced at trial was insufficient to overcome the defense of entrapment, thereby rendering the verdict contrary to the evidence. Since we reverse on that ground we do not consider the other arguments on appeal.

The party to whom the defendant delivered the controlled substance on January 6, 1973 was Robert Laabs, who had been employed as an undercover narcotic agent by the Casper Police Department. He had previously worked with police agencies in twelve or more cities in New Mexico, Colorado, Nebraska, and in the states of Oregon and Washington. At the time of trial he was working for the State of Washington as a narcotic investigator. Laabs testified that he was sworn in as a member of the Casper Police Department in December of 1972. He admitted that he had been previously convicted of five felonies, including two armed robberies and two burglaries, and yet he was "sworn in" as a Casper police officer, furnished a badge and two guns. The background of Laabs is recited

1. Sections 35–347.14(d)(10) and 35–347.31(a)(ii), W.S.1957, 1973 Cum.Supp.

only by way of showing that he presumably had some expertise in the field of criminal activities. Although we may question the wisdom of making such an individual a member of a most essential and honorable profession—that of a police officer—we recognize that law enforcement officials must resort to unusual methods in pursuit of narcotic violations because of the very nature of the crime.

The only testimony relating to the entrapment question was given by Laabs and a defense witness Kevin Doing. Laabs testified that he went to the defendant's residence and merely asked the defendant if he could buy some hashish and that the defendant left the house and returned 30 minutes later with two packages of hashish which the defendant sold to him for $80.00. Doing, a 17-year-old friend of the defendant and who was present at the time in question, testified that Laabs threatened the defendant with a gun. The State in its brief recited that because of the testimony a question of fact arose as to whether Laabs threatened the defendant and forced him to sell hashish, and the question of entrapment was properly submitted to the jury.

### Instruction on Entrapment

██ We make no determination as to the correctness of the instruction on entrapment because there was no objection to it by the State, and therefore as to the state the instruction became the law of the case and is not open to review by this court on appeal. Vinich v. Teton Construction Co., Wyo., 518 P.2d 137, 138; Gifford-Hill Western, Inc. v. Anderson, Wyo., 496 P.2d 501, 503, and 88 C.J.S. Trial § 425, p. 1151. The instruction read in part as follows:

"If a person has no previous intent or purpose to commit the crime charged, but is induced or persuaded by law enforcement agency to commit the crime, he is a victim of entrapment.

"A defendant who has been entrapped, although otherwise guilty in all respects, must be acquitted of the crime committed as a result of the entrapment.

"To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent, and the trap for the unwary whose criminal conduct was due to his own readiness and who himself planned to commit the crime.

\* \* \* \* \* \*

"With the foregoing introduction, you are then specifically instructed:

"The principal element of the defense of entrapment is the presence, or absence, of the defendant's predisposition to commit the crime.

"If you conclude there is a reasonable doubt whether any [sic] defendant had the previous intent or purpose to commit the offense in his case, and that he committed or participated in the offense only because he was induced or persuaded to do so by the police employee and police activity, then you must acquit that [sic] defendant.

"But, where a person has a predisposition, the willingness and the readiness to commit the crime, the mere fact that the police and the police employee provide what appears to be a favorable opportunity to do so, is not entrapment."

The defendant argued that there was nothing in the record upon which the jury could have found that the defendant had a "predisposition to commit the crime"; and the state apparently agreed because it did not point out any such evidence. We have examined the record and find nothing touching upon the question. Laabs' only testimony on that point was that on the day in question he went to the defendant's residence and asked the defendant if he could buy some hashish, and that he had known the defendant for one week prior to the purchase. Since there was nothing in the record upon which the jury could have found that the defendant was "predisposed to commit the crime," which was a requirement under the instruction, the conviction must be set aside.

Reversed.

PARKER, Chief Justice (dissenting).

I find no occasion to reverse the conviction for insufficiency of evidence to overcome the defense of entrapment. The testimony of Robert Laabs, the person to whom defendant delivered the controlled substance, was that he went to defendant's house and asked him if he could buy some hashish, that defendant left and returned thirty minutes later with two packages of hashish which he sold to Laabs for $80.00. In that version there is no hint of entrapment, and indeed, if the jury believed that defendant immediately complied upon being requested to sell a controlled substance, this alone was sufficient evidence of predisposition. A conflict of evidence was developed by defendant, and the matter therefore became one for submission to the jury. Sorrells v. United States, 287 U.S. 435, 452, 53 S.Ct. 210, 77 L.Ed. 413, 86 A. L.R. 249; United States v. Costello, 5 Cir., 483 F.2d 1366, 1367.