Juanita GARY, Appellant (Plaintiff below),

v.

FOSTER LUMBER COMPANY, INC., and
Gary A. Sidwell, Appellees (Defendants below).

No. 4380.

Supreme Court of Wyoming.

Jan. 29, 1975.

Phil N. Nash, Casper, for appellant.

Robert R. Rose, Jr., Casper, for appellees.

Before McEWAN, GUTHRIE, and McCLINTOCK, JJ.

McEWAN, Justice.

This is an appeal from a judgment entered upon a jury verdict awarding the plaintiff general but no special damages. This case was initiated as a result of an automobile collision in Casper, Wyoming. The trial court determined as a matter of law the defendant driver Gary Sidwell was negligent and that his negligence was the proximate cause of the collision; that the plaintiff was not guilty of contributory negligence; and that the plaintiff was entitled to recover $50 for damages to her automobile. And the jury was so instructed.

The parties stipulated and the court instructed the jury that the defendant Sidwell was acting within the scope of his employment at the time of the collision and his acts became those of the defendant Foster Lumber Company, Inc. They also stipulated, and the court instructed, that the plaintiff incurred hospital, drug and other bills in the sum of $3,889.38, for which the defendants denied liability. The plaintiff claimed total damages in the amount of $214,692.64. The jury returned a verdict for the plaintiff in the total amount of $950.00, designated as $50.00 for damages to her automobile and $900.00 for pain and suffering and disability, past, present and future.

After the verdict was returned but before the jury was released the plaintiff moved the court to have the jury re-instructed and returned for further deliberations, pursuant to § 1–132, W.S.1957. The court took the motion under advisement and later denied it and released the jury. The plaintiff filed motions for a new trial and for an order adding to and increasing the jury's award, both of which were denied.

The plaintiff appealed and argued that the jury should have awarded her special damages in the sum of $3,889.38 and that the matter should be remanded for a new trial on the issue of special damages. The

sole issue then before this court is whether or not the jury must award some special damages where it awarded general damages in the sum of $900 for pain and suffering. Although our task is unique and somewhat complicated because there is no transcript, we nonetheless determine that the judgment of the trial court must be affirmed.

The plaintiff stated that she "recognizes that pain and suffering can exist separately from, and can be awarded without special damages under the proper circumstances—but those circumstances are not present here. In the case at Bar, even though an award of pain and suffering by itself may not have required an award of special damages to be consistent, the award of past, present and future pain and suffering and disability requires an award of special damages, at least to the extent of the doctor's bill for the first examination and a portion of the drug bills."

In the absence of a transcript we must look to the instructions to determine what the jury had before it for its deliberations. The plaintiff argued that "The only plausible explanation of the jury's action is that they were confused by the instructions and the form of the verdict. They had been instructed that the Plaintiff had incurred drug bills and doctor's bills, * * * however, the verdict form they were presented did not specifically provide for drug and doctor bills, but provided instead, the general categories of medical and hospital bills and future medical and hospital bills. Clearly, the jury was not aware that doctor bills and drugs could be awarded under that category," and that "Plaintiff respectfully submits that the instructions were inconsistent and confusing when taken as a whole and applied to the verdict form submitted to the jury." The

defendants contended that the verdict forms were submitted by the plaintiff, however the record does not show who proposed the instruction. In any event, there was no objection to any of the instructions and they therefore became the law of the case. Janski v. State, Wyo., 529 P.2d 201, 202; Vinich v. Teton Construction Co., Wyo., 518 P.2d 137, 138; Gifford-Hill Western, Inc. v. Anderson, Wyo., 496 P.2d 501, 503; and 88 C.J.S. Trial § 425, p. 1151.

The instructions advised the jury "The burden is upon the plaintiff to establish by a preponderance of the evidence that she was injured as a proximate result of the collision as well as her damages."; "you will also take into account all expenses necessarily incurred for doctor bills, hospital bills, and other expenses as shown by the evidence, incurred in connection with plaintiff's injuries." There was an instruction which stated that the parties had stipulated as to certain medical expenses but this instruction did not state that it was stipulated these expenses were incurred as a result of the accident. The instruction did set out defendant's denial of liability therefor.

Under the instructions given, the jury could have concluded that any or all of the plaintiff's medical expenses, while incurred by her, were not related to or incurred in connection with her injuries.

Affirmed.

McEWAN, J., was a member of the Court at the time of oral argument and when the opinion was drafted and approved. Since then, he has resigned from the Supreme Court and accepted the Governor's appointment as Judge of the Fourth Judicial District in Wyoming.